CORA GEBHARD, Plaintiff, v. JOHN ADDISON, Defendant.

*Restrictive covenants — when a parcel of land, retained by a grantor out of a plot, the rest of which has been conveyed subject to certain restrictions, is not itself subject to such restrictions.*

In 1877 William H. Gebhard, who was the owner of all the lots on the southerly side of One Hundred and Third street in the city of New York, between Park and Lexington avenues, with the exception of one lot about fifty feet front conveyed a portion of the premises to Charles Dundas, by a deed containing, among other covenants, one providing that all buildings erected upon the front of the premises should be of a certain kind and be set back a uniform distance from the street.

In 1878, after the purchaser had erected eleven houses covering the entire plot, on a uniform line, about six feet from the street, the said William H. Gebhard again acquired title to the premises under the foreclosure of a mortgage thereon. Gebhard subsequently conveyed such premises, without any restrictive covenants, to one Charles Bailey, who, by a similar deed, made a few days thereafter, reconveyed such premises to him.

May 8, 1886, Gebhard conveyed one of the houses and lots to a third party, by a deed containing a restrictive covenant providing that the front line of the building should remain as then established.

May 27, 1886, Gebhard acquired title to the fifty-foot lot before mentioned. In 1891 Gebhard conveyed another portion of the plot by a deed containing a covenant against the erection of any buildings within six feet of the street line. A building was constructed upon the premises last conveyed, which was, in the main, set back six feet from the street.

In 1892 Gebhard conveyed another portion of the premises, which, for the purpose of identification, may be called parcel "A," to one Bailey, by a deed containing a covenant on the part of the grantee that the buildings erected thereon should be set back six feet from the street, and that such covenant should run

with the land. Bailey immediately conveyed such parcel to Gebhard's wife, subject to the restrictions contained in the deed to him.

In 1895 Gebhard conveyed, without restrictive covenants, the land lying westerly of parcel "A." He also executed an agreement to the effect that no buildings, other than one-family dwellings, should be erected upon parcel "A" within two years from February 12, 1896.

In 1896 Gebhard executed to his wife, under his hand and seal, a release of parcel "A" from the restrictive covenants.

*Held*, that parcel "A" was not subject to any restrictive covenants in favor of the adjacent premises.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

The plaintiff demands a decree for a specific performance of a contract by which she agreed to sell and convey to the defendant a parcel of land on the southerly side of One Hundred and Third street, between Park and Lexington avenues, having a frontage of one hundred and forty-six feet and six inches, commencing one hundred and fifty-eight feet six inches easterly of Park avenue, in fee absolute, free from all incumbrances, and by which the defendant agreed to purchase the same for the consideration therein specified. The defendant refused to perform the contract upon the ground that the premises are burdened by restrictive clauses in deeds of adjacent premises and by an equitable easement in favor of adjacent premises, which prevent their being built upon within six feet of the street line. The premises in question are vacant lots, and have never been built upon. In 1865 William H. Gebhard, the plaintiff's husband, acquired title to all the northerly half of this block, except fifty feet frontage next easterly of the premises in question, and he acquired title to this in 1886. In 1877 he conveyed to Charles Dundas all the frontage west of the premises in question, and the deed contained a restrictive covenant against buildings not of stone or brick with slate or metal roofs, within forty feet of the front of the lot, and against certain specified business uses of the premises, and provided that all buildings to be erected should be set back on a uniform line from the street. The purchaser erected eleven houses covering the entire plot, known as three-story high-stoop houses, on a uniform line set back a trifle over six feet from the street. In 1878 the plaintiff's husband, on a foreclosure of the purchase-money mortgage, again acquired title to these premises,

after the houses were erected thereon; and in 1883 he conveyed the same without any restrictive covenants to Charles Bailey, who by a similar deed, within a few days thereafter, reconveyed the same to him. On the 8th day of May, 1886, the plaintiff's husband conveyed one of these houses and lots having frontage of sixteen feet and lying sixty-four feet east of Park avenue, to Cecilia Hess, and the deed contained a restrictive covenant against the erection of any building other than a private residence, and that the front line of the building should remain as then established. At the time of making this conveyance the grantor owned all the other land in the block fronting on One Hundred and Third street, except the fifty feet adjoining the premises in question in this litigation, and these he acquired on the 27th day of May, 1886. In 1891 he conveyed all the lots fronting on One Hundred and Third street, between the premises in question and Lexington avenue, and this deed contained a restrictive covenant against the erection of any building thereon other than a Protestant church or a private house, and against the erection of any building within six feet of One Hundred and Third street. A Protestant church was built upon these premises, which in the main set back six feet from the street, but for the distance of about twenty-five feet next Lexington avenue, it extended to within three and one-half feet of the street line. In 1892 the plaintiff's husband, she joining with him in the deed, conveyed the premises in question in this litigation to Charles Bailey, who immediately reconveyed them to the plaintiff. The deed recited that the grantee, his heirs and assigns, covenanted with the plaintiff's husband, his heirs and assigns, against the erection of any building other than private dwelling houses or single flats arranged to be occupied by one family on each floor, having a width of not more than eighteen feet six inches set back six feet from the street, and that no obstruction or building except necessary steps, platform or railing and stone or iron fences should be erected within this court yard space, and provided that " this covenant shall run with the lands and be enforcible by the party of the first part, his heirs or assigns, against any person who shall hereafter own the said premises or any portion thereof." The conveyance to plaintiff was made *subject* to the restrictions contained in the deed to Bailey. In 1895 plaintiff's husband conveyed without restrictive covenants the ten remaining lots lying westerly of

the premises in question. Pursuant to the contract under which these premises were sold and conveyed ,he executed an agreement under his hand and seal to the effect that no building or structure other than dwellings to be occupied by one family should be erected upon the premises in question within two years succeeding the 12th day of February, 1896, and that the property should not during said time be used for any other purpose under penalty of his paying liquidated damages in the sum of $10,000. These were the only premises fronting on One Hundred and Third street which the plaintiff then owned in the block and he has not since acquired any other title. In the year 1896 plaintiff's husband, under his hand and seal, executed and delivered to her a release, which has been duly recorded, releasing the premises in question from the restrictive covenants and it recites that the parties had mutually agreed to release the premises from the same. These are the only material facts bearing upon the questions presented.

*John M. Bowers*, for the plaintiff.

*Abram I. Elkus*, for the defendant.

LAUGHLIN, J. :

We are of the opinion that the premises in question are not subject to either a legal or equitable easement in favor of any of the other premises in the block. In the conveyances which were made by the former owner of the premises in question imposing restrictions there was no mutual covenant on his part to similarly restrict his remaining lands. His grantees, therefore, obtain no easement by virtue of the deeds. (*Equitable Life Assurance Society* v. *Brennan*, 148 N. Y. 661.) The question is one of intention and the presumption is that the restrictions were inserted for the protection of the grantor to whom all the covenants ran, excepting only the covenant in the deed of the premises in question which also runs with the land. (*Post* v. *Weil*, 115 N. Y. 361.) The restrictions contained in his first deed of the premises lying between those in question and Park avenue requiring that they should be built upon a uniform line were made for his own benefit as the owner of all the remaining frontage on One Hundred and Third street in that block except fifty feet and when he subsequently obtained title to those premises

again these covenants merged in the common ownership. (*Post* v. *Weil, supra.*) When he conveyed the property to the east where the church has been erected he imposed the restriction for the benefit of the premises in question and other adjacent lands the title to which was then in him. So when he conveyed the single house and lot he still retained the ownership of houses and lots on either side and the restriction was imposed for the benefit of those lands. Likewise when he came to convey the premises in question he still owned the ten houses and lots to the west and he took a mortgage back and the restriction was imposed for his own benefit as such owner of remaining land. This is borne out by the fact that when he came to convey these houses and lots, the last property to which he held title, he conveyed without restriction and made no attempt to assign his interest in the restrictive covenants to his grantee ; but on the contrary, as clearly showing that the restriction in his deed of the premises in question was not intended to inure to the benefit of his subsequent grantee of the houses and lots, he entered into an independent agreement with such grantee covenanting that no building should be erected upon the premises in question within six feet of the street during the succeeding two years. His grantee of the premises in question, having conveyed to the plaintiff, had no other interest therein. The plaintiff's husband, then having no further interest in any of these premises, except his mortgage on the premises in question, and no one else being interested in the premises in question excepting the plaintiff, executed the release to her which recites their mutual agreement to release the land from the restrictive covenants contained in his deed. Thus every act of the plaintiff's husband, as disclosed by this record, is consistent with his having imposed these restrictions for his own benefit on account of his ownership of remaining adjacent lands. There is no evidence of any representations. There is no evidence tending to establish a uniform plan of restriction designed to include the premises in question. (*Equitable Life Assurance Society* v. *Brennan, supra.*) There is nothing in the surrounding circumstances from which it may fairly be inferred that the other grantees of the plaintiff's husband of other lands in the block have any rights with reference to the use or occupation of the premises in question.

The owners of the other parcels in the block fronting on One

Hundred and Third street are not before us and no decision can be made binding upon them. The defendant should not be required to complete his purchase if he will incur any hazard in so doing. We think it appears reasonably certain that no action can be successfully maintained by any adjacent owner to restrict the use of the premises in question on account of any of these restrictive covenants, or any implied covenant of a similar nature.

It follows, therefore, that the plaintiff should have judgment for specific performance of the contract according to the prayer of the submission.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Judgment ordered for plaintiff for specific performance according to the prayer of the submission.